UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22369-ALTMAN/Sanchez

**WORLD FUEL SERVICES, INC.**,

    *Plaintiff*,

v.

**FIRST SERVICE BANK**,

    *Defendant*.

_____/

## ORDER

First Service Bank, our Defendant, has filed a Motion to Dismiss, *or, in the Alternative, to Transfer Venue* (the "MTD" or "Motion") [ECF No. 3]. After careful review, we **ORDER and ADJUDGE** that the Defendant's Motion is **GRANTED in part** for lack of personal jurisdiction and **DENIED in part as moot** as to all other requested relief. The Plaintiff may file an amended complaint by **August 20, 2024**.

## THE FACTS[1]

World Fuel Services, Inc. ("World Fuel"), our Plaintiff, is "an energy distribution and management company" that's incorporated in the State of Texas and headquartered in Miami, Florida. Complaint [ECF No. 1-1] ¶ 1. World Fuel "had a business relationship" with SQRL Holdings LLC ("SQRL"), a "gasoline station operator," through which "World Fuel supplied fuel to SQRL's gasoline stations, extended credit to SQRL for the purchase of fuel from World Fuel, and loaned money to SQRL for improvements to its stations." *Id.* ¶ 10. In November 2023, "World Fuel notified SQRL

---

[1] In reviewing a motion to dismiss for lack of personal jurisdiction, the "district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's [evidence]." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (cleaned up).

that [it] would have to provide an irrevocable standby letter of credit for the benefit of World Fuel" as part of their financing arrangement. *Id.* ¶ 11. SQRL then "approached its commercial bank," First Service Bank ("FSB"), to issue that letter. *Id.* ¶ 12. FSB is incorporated and headquartered in the State of Arkansas. *Id.* ¶ 3.

On December 5, 2023, FSB issued its Letter of Credit "in the amount of six million dollars [ ] for the benefit of World Fuel[.]" *Id.* ¶ 13.[2] The Letter "identified World Fuel, at its Miami, Florida address, as the Beneficiary," FSB as the "Issuing Bank," and SQRL as the "Applicant[.]" *Id.* ¶¶ 17–18 (quoting Ex. A to Compl. ("Letter" or "Letter of Credit") [ECF No. 1-1] at 9–12). The Letter provided that the "funds under [the] Letter of Credit are available by payment at sight against Beneficiary's demand for payment," so long as the demand (1) was "dated and signed by an authorized representative of Beneficiary" and (2) "contain[ed] the following statement":

> We hereby demand payment of USD $6,000,000.00 under your Letter of Credit No. 80023. The amount demanded represents a payment which has not been made to Beneficiary by Applicant which is legally and properly past due.

Compl. ¶ 19 (cleaned up) (quoting Letter of Credit at 10). The Letter of Credit was valid from December 5, 2023, to December 4, 2024. *See id.* ¶ 18.

On April 8, 2024, World Fuel informed SQRL "that it was in default" on payments in an amount greater than "the $6,000,000 face value of the Letter of Credit." *Id.* ¶ 20. That same day, World Fuel "presented the Letter of Credit" to FSB and "demanded payment for the full $6,000,000" FSB was "required to pay World Fuel under the terms of the Letter of Credit." *Id.* ¶ 21. Although World Fuel's demand complied with all applicable "terms and conditions" of the Letter, *id.* ¶ 23, FSB "notified World Fuel that it would not honor the Letter of Credit," *id.* ¶ 25.

---

[2] FSB's initial Letter of Credit was amended on December 14, 2023, to "correct . . . two minor scrivener's errors[.]" Compl. ¶¶ 16–17.

After FSB refused to pay, World Fuel sued FSB in Florida state court on May 21, 2024, alleging two counts—one for "wrongful dishonor of letter of credit," *id.* ¶¶ 27–31 (Count I), and one for breach of contract, *see id.* ¶¶ 32–36 (Count II). FSB then removed this case to federal court on June 19, 2024, *see* Notice of Removal [ECF No. 1], and filed its Motion to Dismiss, *or, in the Alternative, to Transfer Venue* the following day. In that Motion, FSB urges us to dismiss this case for lack of personal jurisdiction, *see* MTD at 3 ("[World Fuel has failed to establish a cognizable basis for personal jurisdiction[.]"), or under the doctrine of *forum non conveniens*, *see id.* at 13 ("[T]he matter should be dismissed for improper venue[.]"). And, if we don't dismiss the case, FSB requests that we transfer it to the U.S. District Court for the Eastern District of Arkansas. *Id.* at 14. FSB's Motion is now ripe for adjudication. *See generally* Plaintiff's Response ("Resp.") [ECF No. 10]; Defendant's Reply ("Reply") [ECF No. 13].

## THE LAW

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a claim for lack of personal jurisdiction. "The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). *First*, the court must satisfy itself that the exercise of personal jurisdiction comports with the forum state's long-arm statute. *See Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989). *Second*, the court must ensure that the exercise of jurisdiction is consistent with the requirements of the Fourteenth Amendment's Due Process Clause. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). "Subjecting [a defendant] to jurisdiction in Florida comports with due process so long as 'minimum contacts' exist between [the defendant] and Florida and exercising jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* at 1220 (cleaned up).

Under Florida law, "[a] plaintiff seeking to obtain jurisdiction over a non-resident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Id.* at 1214 (cleaned up). "[The] Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). If a plaintiff pleads sufficient "material facts" to support the exercise of personal jurisdiction, the burden then shifts to the defendant to challenge the plaintiff's allegations by affidavits or other competent evidence. *Id.* at 1249. If "a nonresident defendant raises a meritorious defense to personal jurisdiction through affidavits, documents or testimony," the plaintiff must then establish the propriety of jurisdiction by affidavits, testimony, or other documents. *Am. Airlines, Inc. v. Despegar.com USA, Inc.*, 2014 WL 11880999, at *3 (S.D. Fla. May 14, 2014) (Altonaga, J.) (cleaned up). In other words, the "district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *See Cable/Home*, 902 F.2d at 855 (cleaned up). But where "the parties' affidavit and deposition evidence conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Ibid.*

## ANALYSIS

As a federal court sitting in Florida, we may only exercise personal jurisdiction over FSB, a "non-resident defendant," MTD at 3; *see also* Compl. ¶ 3 (noting that FSB "is incorporated" in Arkansas),[3] if (1) Florida's long-arm statute "provides a basis for personal jurisdiction over" FSB, and (2) FSB has sufficient minimum contacts with Florida "to satisfy the Due Process Clause of the Fourteenth Amendment," *Crowe v. Paragon Relocation Res.*, 506 F. Supp. 2d 1113, 1118–19 (N.D. Fla.

---

[3] *Cf. Gay v. Bessemer Props.*, 32 So. 2d 587, 591 (Fla. 1947) ("The legal domicile of [a corporation] . . . is in the State . . . [in] which it was originally incorporated . . . . It can have no other legal domicile." (citing *Fowler v. Chillingworth*, 113 So. 667 (Fla. 1927))); 18 AM. JUR. CORPORATIONS § 67 (2d ed. 2024) ("[F]or analysis of personal jurisdiction, a corporation is a citizen of the state where it is created[.]").

4

2007) (Rodgers, J.) (first citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); and then citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Florida's long-arm statute identifies several "acts" by which a foreign defendant "submits himself . . . to the jurisdiction of the courts of [Florida]," provided that the "cause of action aris[es] [there]from," FLA. STAT. § 48.193(1)(a); *see also S. Wall Prods., Inc. v. Bolin*, 251 So. 3d 935, 939 (Fla. 4th DCA 2018) ("[T]he statute provides for [specific] jurisdiction over an out-of-state defendant for causes of action arising out of the [enumerated] acts[.]"). World Fuel identifies two provisions of the long-arm statute that (it believes) encapsulate FSB's actions here.[4]

*First*, World Fuel says that we can exercise specific personal jurisdiction over FSB under FLA. STAT. § 48.193(1)(a)(1), which extends jurisdiction over nonresidents for "any cause of action arising from . . . [their] [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." FLA. STAT. § 48.193(1)(a)(1). In World Fuel's view, this subsection applies because "FSB engaged in business activity in Florida when it issued a Letter of Credit at the request of its Florida-based customer, SQRL [ ], for the benefit of World Fuel, also a Florida-based business." Resp. at 4 (cleaned up); *see also* Compl. ¶ 5 ("[T]he causes of action . . . arise from the Defendant operating, conducting, engaging in, or carrying on a business or business venture in this state[.]").

But Florida law requires something more. For a foreign defendant to be engaged in business in Florida for purposes of FLA. STAT. § 48.193(1)(a)(1), its "activities[,] . . . considered collectively[,]

---

[4] A nonresident defendant will *also* be subject to general jurisdiction under the long-arm statute if he is "engaged in substantial and not isolated activity within" Florida. FLA. STAT. § 48.193(2). But, because World Fuel hasn't set forth any basis for the exercise of general jurisdiction here, *see* Resp. at 3–5 (basing jurisdiction only in FLA. STAT. § 48.193(1)), it's waived any such argument, *see, e.g.*, *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue[.]"); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

[must] show a general course of business activity in the State for pecuniary benefit." *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So. 2d 561, 564 (Fla. 1975). World Fuel never explains—and cites no cases explaining—how FSB's one-off guarantee of credit for the benefit of a "Florida-based business," Resp. at 4, meets this standard.[5] And that's probably because there are no such cases. *Cf. HostLogic Zrt. v. GH Int'l, Inc.*, 2014 WL 2968279, at *6 (M.D. Fla. June 10, 2014) (Spaulding, Mag. J.) (declining to exercise personal jurisdiction where the plaintiff "cites to no cases supporting the proposition that personally guaranteeing an obligation for a Florida corporation on one occasion amounts to 'general course of business activity in the state for pecuniary benefit'" (quoting *Sculptchair*, 94 F.3d at 627)), *report and recommendation* adopted, 2014 WL 2968279 (M.D. Fla. June 30, 2014) (Honeywell, J.); *see also April Indus., Inc. v. Levy*, 411 So. 2d 303, 305 (Fla. 3d DCA 1982) ("The escrow arrangement is neither an agreement for sale of property in Florida or sale of foreign property to Florida residents for profit, nor is it evidence of continuing business ventures within the State. Accordingly, we find that April Industries is not subject to long-arm jurisdiction pursuant to Section 48.193(1)(a)."). And, beyond the mere conclusory allegation that "FSB has engaged in business in Florida sufficient to meet the requirements of Florida's long-arm statute," Resp. at 4, FSB doesn't allege any *other* facts about the scope of FSB's business activities in Florida, *cf. Heathman Farm, LLC v. JP Havens Greaanhandel NV*, 2024 WL 3299686, at *3 (S.D. Fla. May 30, 2024) (Rosenberg, J.) ("Courts consider 'the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida

---

[5] World Fuel does cite to *Metnick & Levy, P.A. v. Seuling*, 123 So. 3d 639 (Fla. 4th DCA 2013), for the proposition that there's "sufficient contact where defendant voluntarily contracted with a law firm in Florida[.]" Resp. at 4–5 (citing *Metnick & Levy*, 123 So. 3d at 644–45). But that case involved a defendant who "[b]reach[ed] a contract in this state by failing to perform acts required by the contract to be performed in this state." *Metnick & Levy*, 123 So. 3d at 643 (quoting *Hartcourt Cos. v. Hogue*, 817 So. 2d 1067, 1070 (Fla. 5th DCA 2002)). So, while that case informs World Fuel's view that FSB's conduct falls under FLA. STAT. § 48.193(1)(a)(7) (covering "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state"), World Fuel never explains how it's *also* relevant to our analysis under § 48.193(1)(a)(1).

clients.'" (quoting *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005))).

World Fuel makes two attempts to save this deficiency in its pleading. Both are meritless. *One*, World Fuel says that our obligation to draw "all reasonable inferences" in the Plaintiff's favor requires us "to infer that FSB derived some economic benefit from its banking relationship with SQRL Holdings, a Florida limited liability with a principal place of business in Miami, Florida." Resp. at 3 n.1. But the Complaint omits *any* allegations about SQRL's state of incorporation or principal place of business. *See generally* Complaint. So, we're not sure which factual allegations World Fuel wants us to squeeze to draw out the favorable inferences it needs. "Because these facts are not alleged in the . . . Complaint, . . . the Court cannot consider them in evaluating whether Plaintiff has met its burden to establish a prima facie case of personal jurisdiction over Defendant[.]" *MSP Recovery Claims, Series 44 LLC v. Great Am. Ins. Co.*, 2021 WL 8343191, at *4 (S.D. Fla. June 11, 2021) (Altonaga, J.) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). And, while we may consider "documents attached to [the Complaint] as exhibits" in reviewing a motion to dismiss, *Bond Safeguard Ins. Co. v. Ward*, 2012 WL 13536, at *2 (M.D. Fla. Jan. 4, 2012) (Presnell, J.) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997)), that wouldn't help World Fuel tighten FSB's links to Florida, given that the Letter of Credit lists an Arkansas address for SQRL, *see* Letter of Credit at 10 (listing "27 Rahling Circle, Suite C[,] Little Rock, Arkansas," as SQRL's address). So, we won't be drawing any baseless inferences for World Fuel here.

*Two*, World Fuel falls back on a federal regulation to show that "FSB voluntarily did business with a Florida entity" (which we'll take as a reference to SQRL, the entity for which we have no citizenship information). Resp. at 5. World Fuel tells us that "[b]asic Know Your Customer (KYC) rules require, at the least, that a bank obtain basic formation documentation," and that "the first of core customer due diligence requirements is to identify and verify the identity of customers[.]" *Id.* at

7

5 n.2 (citing 81 Fed. Reg. 29398 (May 11, 2016)). We have no idea why that matters because World Fuel never tells us. But we are sure that this argument fails to identify and verify the citizenship of SQRL—or to bolster World Fuel's connection to Florida in any way.

But here's the thing: *Even if* the Letter of Credit fell within the ambit of Florida's long-arm statute, "merely entering into a contract with a forum resident does not provide the requisite contacts between a nonresident defendant and the forum state" to satisfy federal due-process standards. *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1059 (11th Cir. 1986) (cleaned up); *see also Edwards v. Geosource, Inc.*, 473 So. 2d 36, 37 (Fla. 1st DCA 1985) ("Signing a promissory obligation, in and of itself, is insufficient contact to confer personal jurisdiction." (citing *Odell v. Signer*, 169 So. 2d 851 (Fla. 3d DCA 1964))); *HostLogic*, 2014 WL 2968279, at *6 ("[I]t does not appear that it is appropriate to exercise personal jurisdiction over a defendant based solely on such a contact." (citing *Edwards*, 473 So. 2d at 37)). FSB's guarantee of credit thus cannot serve as the sole basis for our personal jurisdiction.

*Second*, World Fuel points to FLA. STAT. § 48.193(1)(a)(7), which confers jurisdiction against a foreign defendant who "[b]reach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state." FLA. STAT. § 48.193(1)(a)(7). World Fuel believes that FSB did just that when it "refused to make payment to World Fuel in accordance with the Letter of Credit, thereby breaching its contractual agreement in Florida." Resp. at 4. We agree.

"Failure to pay a contractual debt where payment is due to be made in Florida is sufficient to satisfy Florida's long-arm provision that refers to contractual acts 'required' to be performed in Florida." *Global Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 468 (Fla. 4th DCA 2003). Although the Letter of Credit doesn't specify *where* payment was to be made, *see* Letter of Credit at 11 ("Payment . . . shall be made by wire transfer . . . to beneficiary's account in accordance with wire transfer instructions set forth in such demand for payment[.]"), "a debt is presumed to be paid at the

8

creditor's place of business—here Florida—absent a contractual provision to the contrary," *Moltz v. Seneca Balance, Inc.*, 606 F. Supp. 612, 615 (S.D. Fla. 1985) (Gonzalez, J.) (citing *Madax Int'l Corp. v. Belcher Intercontinental Moving Servs., Inc.*, 342 So. 2d 1082, 1084 (Fla. 2d DCA 1977)); *see also* Compl. ¶ 1 ("World Fuel . . . [has] its principal place of business . . . in Miami, Florida[.]").

Even so, "a promise to make payments in the forum state," standing alone, "does not constitute minimum contacts and therefore does not comport with the due process clause." *Verde Cap. Corp. v. Lausell Aluminum Jalousies, Inc.*, 729 F. Supp. 92, 93 (S.D. Fla. 1989) (Scott, J.) (first citing *Burger King*, 471 U.S. at 462; then citing *Am. Vision Ctr. v. Nat'l Yellow Pages Directory Servs., Inc.*, 500 So. 2d 642, 644 (Fla. 2d DCA 1986); and then citing *Nat'l Equip. Leasing, Inc. v. Watkins*, 471 So. 2d 1369 (Fla. 5th DCA 1985)); *see also Iervolino v. Miller*, 2009 WL 10700172, at *3 (S.D. Fla. June 17, 2009) (King, J.) ("Merely sending money to Florida is not the type of 'purposeful availment' contemplated by the minimal contacts analysis." (first citing *Burger King*, 471 U.S. at 478; and then citing *Borg-Warner*, 786 F.2d at 1059)); *Yparrea v. Twin Cities Wholesale, Inc.*, 2010 WL 1994064, at *4 (N.D. Fla. May 17, 2010) (Vinson, J.) (collecting cases). Instead, for personal jurisdiction to be proper, the defendant's "failure to pay a debt owed in [Florida]" must be "accompanied by some *other* related substantial act in Florida that is purposefully directed toward the state or its residents[.]" *deMco Techs., Inc. v. C.S. Eng'd Castings, Inc.*, 769 So. 2d 1128, 1131 (Fla. 3d DCA 2000) (emphasis added); *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989) ("[W]e do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant." (cleaned up)).[6]

---

[6] Examples of substantial related acts include "where a nonresident defendant engages a Florida corporation to perform specific services on its behalf and then actively monitors such services and/or engages in the performance of the services in this state," *deMco Techs.*, 769 So. 2d at 1131 (first citing *Indus. Cas. Ins. Co. v. Consultant Assoc., Inc.*, 603 So. 2d 1355 (Fla. 3d DCA 1992); then citing *Ben Hogan Co. v. QDA Inv. Corp.*, 570 So. 2d 1349 (Fla. 3d DCA 1990); and then citing *Atlantis Marina & Yacht Club, Inc. v. R & R Holdings, Inc.*, 766 So. 2d 1163 (Fla. 3d DCA 2000)), especially where (1) the breach is "coupled with parties' agreement that Florida would be venue for disputes," *ibid.* (citing *Nelson v.*

The Complaint doesn't do that. From the Plaintiff's allegations, we know only that an Arkansas bank refused to honor a Letter of Credit and pay "a Texas corporation" in Florida, Compl. ¶ 1, after an LLC from parts unknown defaulted on a loan. And that's just "not sufficient to establish minimum contacts with the forum state so as to allow an out-of-state party to be sued" in Florida. *O'Brien Glass Co. v. Miami Wall Sys., Inc.*, 645 So. 2d 142, 144 (Fla. 3d DCA 1994) (cleaned up).

We therefore **GRANT** the Defendant's Motion to Dismiss for lack of personal jurisdiction.

\* \* \*

Because we're dismissing the Complaint on personal-jurisdiction grounds, we needn't separately consider whether dismissal is warranted under the doctrine of *forum non conveniens*. *See Melgarejo v. Pycsa Pan., S.A.*, 537 F. App'x 852, 863 (11th Cir. 2013) ("By finding a lack of personal jurisdiction, the district court necessarily concluded that the doctrine of *forum non conveniens* did not apply and, thus, did not need to consider evidence relevant to that issue."). And, while we *may* transfer a case even without personal jurisdiction, *see Elliot v. Williams*, 549 F. Supp. 3d 1333 (S.D. Fla. 2021) (Altman, J.) ("[W]here one court lacks personal jurisdiction over the defendant—or where the case presents difficult questions of personal jurisdiction—courts sometimes transfer under [28 U.S.C.] § 1404 rather than dismiss." (cleaned up)), we won't be doing that here. As World Fuel correctly points out, FSB "fails to enumerate, much less address, all the public and private interest factors that must be weighed" in determining whether a transfer of venue is appropriate under 28 U.S.C. § 1404(a).[7] Resp. at 10; *see also* MTD at 14–15 (considering only the convenience of the witnesses). Because FSB

---

*Ameriquest Techs., Inc.*, 739 So. 2d 161 (Fla. 3d DCA 1999)), and (2) "where guarantees were made in furtherance of an ongoing Florida business venture," *ibid.* (citing *Hamilton v. Business Assistance Consortium, Inc.*, 602 So. 2d 619 (Fla. 3d DCA 1992)).

[7] *I.e.*, "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

hasn't come close to meeting its burden of "establish[ing] that the suggested forum is more convenient," *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989), we decline to disturb World Fuel's choice of forum, *see Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("[A] plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." (cleaned up)).

Where, as here, dismissal is based on a plaintiff's failure to plead the *prima facie* case for personal jurisdiction, the plaintiff "should be given the opportunity to amend the complaint to allege long-arm jurisdiction over the nonresident [defendant]." *Consoli v. Architectural Concepts, Inc.*, 578 So. 2d 905, 905 (Fla. 2d DCA 1991) (per curiam). We'll therefore give World Fuel leave to file an amended complaint. World Fuel also requests that, "[i]n the event this Court cannot properly determine jurisdiction in light of the parties' respective affidavits[,] . . . [we] stay [our] ruling on FSB's Motion so that [World Fuel] may complete limited jurisdictional discovery" on the issue of personal jurisdiction. *See* Resp. at 14 (cleaned up). But, because our dismissal is based on the shortcomings of the Complaint *itself*—and not because of any factual conflict between World Fuel's allegations and FSB's affidavits—jurisdictional discovery (and any evidence it produces) wouldn't save World Fuel's insufficient pleading. *Cf. In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 6907056, at *3 (S.D. Fla. Nov. 24, 2020) (Reinhart, Mag. J.) ("[I]f the counter-facts create a genuine dispute with the well-pled facts in the complaint, the plaintiff has a right to limited jurisdictional discovery on those genuinely-disputed facts[.]"); *see also Future Tech.*, 218 F.3d 1247, 1249 (11th Cir. 2000) ("[The] Plaintiff's burden in alleging personal jurisdiction is to [first] plead sufficient material facts to establish the basis for exercise of such jurisdiction.").

We think, however, that World Fuel has shown that it *could* "supplement its jurisdictional allegations through discovery," *Wolf v. Celebrity Cruises, Inc.*, 683, F. App'x 786, 792 (11th Cir. 2017) (cleaned up), which would help "flesh out the defendant's role in carrying out activities in Florida,"

11

*Basaran v. Martin Data, LLC*, 2021 WL 9614107, at *7 (N.D. Ga. Apr. 9, 2021) (citing *Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1253 (S.D. Fla. 2020) (Goodman, Mag. J.)). "Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction" before a claim can be disposed of once and for all. *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) (cleaned up). And, as World Fuel rightly notes, the affidavit FSB submitted with its Motion "is largely devoid of actual facts, and is instead full of conclusory statements"—some of which appear to conflict with the most basic factual allegations in the case. Resp. at 13; *see, e.g.*, Affidavit of Robin Hackett [ECF No. 3-2] ¶ 27 ("FSB has never breached a contract in Florida by failing to perform acts required to be performed in Florida."). In this scenario, then, "to deny jurisdictional discovery would in effect require the plaintiff to accept at face value the defendant's conclusory statements about its relationship with Florida." *Basaran*, 2021 WL 9614107, at *7 (cleaned up).

Pursuant to our "broad discretion in deciding how to best manage the cases before [us]," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), which includes "discretion to stay proceedings as an incident to [our] power to control [our] own docket," *Clinton v. Jones*, 520 U.S. 681, 683 (1997), we'll allow the parties to conduct limited discovery on the issue of personal jurisdiction before World Fuel must file its amended complaint.

* * *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Defendant's Motion to Dismiss, *or, in the Alternative, to Transfer Venue* [ECF No. 3] is:
   a. **GRANTED in part** insofar as it requests dismissal for lack of personal jurisdiction; and
   b. **DENIED in part as moot** as to all other requested relief.
2. The Plaintiff's Complaint [ECF No. 1-1] is **DISMISSED** *without prejudice*.

3. This case is **STAYED** for the parties to conduct limited discovery on the issue of personal jurisdiction. The parties shall conclude all jurisdictional discovery by **November 4, 2024**. The Plaintiff shall then file its amended complaint by **November 18, 2024**.

4. The Clerk shall **CLOSE** this case for administrative purposes. All deadlines not addressed in the Order are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on August 6, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record